McKinney, J.,
delivered the opinion of the Court.
The County Court of Campbell, on the application of Malinda Gibson, established a third class road in said county* which was laid out, in part, through the land of Beard. Damages were assessed to Beard at $13.00, which sum was tendered to, and refused by him. The proceedings seem to have been all regular. Beard appeared, on the return of the report, and asked to he permitted to contest the establishment of the road, which was allowed * and from the order of the County Court, he prosecuted an appeal to the Circuit Court,, having executed a bond in proper form, payable to the Chairman of the County Court, for the prosecution of the appeal.
In the Circuit Court, on application of Beard, Malinda Gibson, the applicant for the road, was required to give secu-'rity for the costs of the case, being regarded as “plaintiff” in the controversy.
On the hearing, in the Circuit Court, the 'counsel of Beard asked the Court to direct issues of fact to he made up. The Court, it seems, refused to order issues to be made, but directed that a jury should be ■ sworn “ to try the matters in controversy between the parties.” Afterwards, it was agreed by the parties to dispense with a jury, and submit all matters *99 to tbe determination of the Court. Thereupon, the record of the proceedings of the County Court was read (without any thing further) on behalf of the Justices; and Beard having declined to offer any evidence, it was agreed by the parties that the Court, without further evidence, should determine the case upon “the legal effect of the record” of the County • Court. The Court held, that the record presented a sufficient prima facie case to sustain the orders and proceedings of the County Court, and affirmed the same, rendering judgment against Beard, and his security in the appeal bond, for all the costs of the case. From which judgment Beard appealed in error.
The case was brought here upon the assumption, that the Circuit Court erred in treating the case as an appeal in error. There was no error in this. The determination of all questions connected with this general subject, belongs, exclusively, to the County Court, both matters of law and fact, with which a jury can have nothing to do. The appeal may operate either as a broad appeal, or an appeal in error, according to the necessity of the case. On the removal of the case to the Circuit Court, the entire proceedings are open to impeachment, upon their face, or upon proof, just as they were in the County Court. But, if no extraneous evidence be offered, and the proceedings be regular in form and substance, the Circuit Court, whose jurisdiction is only appellate in such cases, must, of necessity, revise the record as if it were before him on a writ of error; and not treat the proceedings of the County Court as vacated and annulled by the appeal, as seems to have been supposed by the appellant. The order requiring Malinda Gibson to give security for costs, as plaintiff in the case, was unauthorized; she was not a party in the legal sense, to the proceeding. This is a matter, however, of no practical importance, as the case resulted; the Justices having been properly made parties to the contest by the appeal and bond. The order for a jury was alike unauthorized,, as we have already decided in another case at the present term.
*100 The only error in the record, is one not complained of, and that is, in rendering judgment against Beard for the entire costs of the case from the commencement of the proceedings. It is clear, that he can only be subjected to such legal costs as accrued from the time of his intervention. Upon no proper principle can he be made liable for such costs as may have previously accrued.
In this respect, the judgment will be modified, and affirmed in all other things.